SOBILOFF BROTHERS *vs.* FELIX HEBERT, Justice of District Court of Fourth Judicial District.

MARCH 23, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Mandamus.   Courts.*

Mandamus has assumed the functions of the old writ of *procedendo,* and in a proper case will command an inferior judicial tribunal to proceed to act when the parties appear to have been unreasonably delayed but it will not prescribe the nature of the judgment which should be entered.

*(2)   Mandamus.   Registry of Court.   Right to Fund.   Jurisdiction.*

When money has been paid into the registry of the court and the court has doubt of its jurisdiction to order it paid over in accordance with the prayer of a petition pending before it and has declined to act on the petition; as the court has authority to determine the question of its jurisdiction and as the parties are entitled to a decision of the question, mandamus will issue directing the court to make a judicial determination of the matter.

*(3)   Fund in Registry of Court.*

Generally a court has jurisdiction to order the distribution of a fund in its registry to those found to be entitled to it.    If the court believes the money was improperly received into the registry it has jurisdiction to order the return of the fund to the officer who paid it into the registry.

MANDAMUS.   Heard on petition for writ and granted.

SWEETLAND, C. J.    This is a petition for a writ of mandamus to issue against the respondent as justice of the District Court of the Fourth Judicial District directing him to act upon, and give decision in a certain motion now pending before him in said court.

The following facts appear.    In the suit of *Norman B. Chebot* v. *John N. Slaiman,* commenced in said district court January 29, 1921, the officer charged with the service

of the writ attached certain chattels of the defendant Slaiman. Prior to said attachment Slaiman had executed and delivered to the petitioners a mortgage on said chattels to secure what the petitioners allege was an indebtedness of one thousand dollars from Slaiman to the petitioners, and said mortgage had been duly recorded. After the attachment, said chattels were sold at public auction by the attaching officer for the sum of eight hundred dollars. This sale was had February 8, 1921, under the order of said district court. (Sections 4 and 5, Chapter 301, Gen. Laws, 1909.) The petitioners, as mortgagees in said mortgage, relying upon the provisions of Section 6, Chapter 301, Gen. Laws, 1909, demanded of the attaching officer that he pay to the petitioners the proceeds of said sale. Said Section 6 is as follows: "Sec. 6. Upon any such sale, the attaching officer shall first apply so much of the proceeds of the sale as may be necessary to pay the amount for which the said property was mortgaged, with such deduction for interest for the anticipated payment, or allowance for damages for such anticipated payment, as may be allowed by the justice directing the sale; and the officer shall pay only the balance into the registry of the court for the purposes of the attachment." Said attaching officer did not comply with the demand of the petitioners, but, after deducting from the proceeds the expenses of said sale, paid the balance into the registry of said district court. On February 9, 1921, an involuntary petition in bankruptcy was filed against said Slaiman in the United States District Court for this district, a receiver in bankruptcy was appointed, and later, on March 2, 1922, said Slaiman was adjudged a bankrupt. After failing in an attempt to obtain from said fourth district court an order upon the attaching officer to pay the proceeds of the sale to them, the petitioners on February 2, 1922, filed the motion in question asking that an order be entered directing the payment of the proceeds of sale in the registry to the petitioners as mortgagees. This motion was heard by said justice and held for advisement. Later at

the request of said justice, on March 17, 1922, briefs were filed by counsel. Said justice has not passed upon said motion and has stated to counsel that he should not render a decision in the matter. The petitioners through their counsel make no charge that said justice willfully or through negligence is withholding a decision with an intent to delay justice in the matter but counsel states that said justice has informed him that the failure to decide said motion arises from a doubt in the mind of the justice as to his jurisdiction to order any disbursement of said funds in the registry of the court. The petitioners claim that they are entitled to some determination of the matter presented by their motion in order that they may seek a review if the determination is adverse to them. They have therefore filed this petition for mandamus.

Mandamus usually issues to compel the performance of ministerial acts and may direct the manner of their performance. It will not issue to direct judicial officers as to the form of their judgments. Mandamus, however, has assumed the functions of the old writ of *procedendo*, and, in a proper case, will command an inferior judicial tribunal to proceed to act in a matter pending before it, wherein the parties appear to have been unreasonably delayed; but it will not prescribe the nature of the judgment which shall be entered by such inferior tribunal.

It is not questioned before us that the fund paid in by said officer still remains in the registry of the court. If, in a consideration of said motion, doubt has arisen as to the court's jurisdiction to make the order sought said justice has authority to determine the question of his own jurisdiction and decide the motion accordingly. Generally a court has jurisdiction to order the distribution of a fund in its registry to those found to be entitled to the fund. If the doubt of the court is based upon a conclusion that the money was improperly received into the registry the court has jurisdiction to order the return of the fund to the officer. *Wilkinsburg Borough School District* case, 247 Pa. St. 449.

If, because of the bankruptcy of Slaiman, question arises as to whether the fund should be paid to the petitioners or to the trustee in bankruptcy of Slaiman the respondent should pass upon the motion before him in the light of his determination on that question. Whatever may be the questions involved, the petitioners are entitled to have a determination of the motion. Thereafter a party, if dissatisfied with the action of said justice, may obtain a final authoritative determination in appellate proceedings.

The prayer of the petition is granted. A writ will issue directing the respondent to act upon said motion and make a judicial determination of the same.

*Charles Z. Alexander*, for petitioners.

*Archambault & Archambault*, for respondents.